LAWRENCE J. ULLMANN, in Behalf of Himself and All Others Similarly Situated, Appellant, *v.* JOSEPH ULLMANN and Another, Respondents.

First Department, May 25, 1928.

**Wills — foreign will — testator died resident of Germany, leaving will which designated his wife as " sole heiress of all my estate " and charged her with duty to pay certain legacies to designated nephews and nieces — wife survived testator — certain property came into possession of defendants in United States — defendants are required to account.**

The testator, an American citizen, made and executed a will while he was a resident of Germany. The testator continued to reside in Germany until his death. The will designated the testator's wife " to be sole heiress of all my estate," and charged her with the duty of paying certain legacies to named nephews and nieces. The widow survived testator about four years. It was stipulated at trial that no money was ever turned over to a trustee for the widow, nor any fund segregated for investment during the life of the widow and ultimate payment to the legatees; that the trustees mentioned in the will for investing the fund are deceased and no substitute has ever qualified; but that the defendants claim that a petition filed by one of them with the Department of State of the United States, and proceedings had thereon, including an award by the Mixed Claims Commission, is equivalent to the segregation of the whole of said fund for said legatees. The award mentioned amounted to $17,700 and defendants seek to confine the legacy fund due to be paid to the legatees to that sum. An award by the Mixed Claims Commission for the testator's proportionate part of partnership assets was made in the sum of $63,200, with interest from October 1, 1920. The defendant Ullmann admitted he had received back from the United States Alien Property Custodian 1,500 shares of stock worth $100 each, a dividend check thereon for $11,110.75, and between $60,000 and $70,000 additional, representing the interest of the testator in the partnership. Said defendant also stated that his aunt, the widow of the testator, had transferred to him all the testator's assets in America under agreement to pay her $1,000 a month.

Under the law of Germany, the testamentary " heiress " is possessed of the whole estate and responsible therefor, and there is no official administration.

The facts stated establish a right in plaintiff to bring an action in his own behalf, and also in behalf of other legatees similarly situated. The legacy fund is one in which the legatees have a common interest and is no longer held by domiciliary or ancillary representatives of an estate.

The surviving legatees took a vested remainder upon the testator's death and became entitled to the fund proportionately, and an equitable action for accounting will result in segregating testator's assets and provide an impress of a lien thereon to the extent of the legacy fund for the benefit of such legatees as may come in.

When defendants assumed control of testator's assets in the United States, there was created a fiduciary relationship, wherein they are accountable to the unpaid legatees who are financially interested in the testator's assets.

It is not necessary to proceed in the estate itself, but an action for an accounting may be maintained against the defendants and they are responsible for the proper distribution of the legacy fund.

When the defendant Ullmann entered into his agreement with the widow without any legacy fund having been set up, knowing the provisions of the will, he became obligated to carry out the directions of the will to the extent of the legacy fund received, and he must account.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of January, 1928.

*Harlan Moore* of counsel [*Arthur K. Kuhn* with him on the brief], for the appellant.

*Terence J. McManus* of counsel [*Hugo I. Epstein* with him on the brief; *McManus, Ernst & Ernst,* attorneys], for the respondents.

McAVOY, J.   The testator, Charles Ullmann, an American citizen born in St. Louis, Mo., made and executed, while at Leipzig, Germany, his last will and testament on May 29, 1916, and executed a codicil five days later.   He died without issue at St. Blasien, Germany, on July 24, 1921.

The will, according to its conceded translation, provides: " I designate my wife Ernestine Ullmann, nee Gutmann, to be sole heiress of all my estate," and then continues: " My heiress shall pay out to my nephews and nieces hereinafter designated, following named legacies "— the legacies are then set out, and there is a succeeding provision as to survivorship among the legatees.

The sole beneficiaries named in the will are the wife, Ernestine Ullmann, and the ten legatees, nephews and nieces.

The testator's wife survived his death by about four years, she having died in Germany on April 14, 1925.   Two legatees predeceased the testator.

It was stipulated at trial: " That no money or other property was ever turned over to a trustee or trustees by or for Ernestine Ullmann, widow now deceased, nor any fund otherwise segregated for investment during the life of the widow and ultimate payment to the legatees as indicated in par. III to VII incl. of the will and that the two trustees mentioned in the will for investing of the said fund, of 625,000 Marks, are deceased and no substitute ever qualified; but the defendants claim that a petition filed by the defendant, Joseph Ullmann, Jr., on behalf of Leo Kallir and Alfred Gutmann with the Department of State of the United States and the proceedings had thereon including the award of the Mixed

Claims Commission, copies of which petition and notice of award are attached hereto and marked Exhibit ' A ' (the parties hereto waiving further proof as to the action of the Mixed Claims Commission on said petition) is equivalent to a segregation of the whole of said fund for said legatees."

This above-mentioned award amounted to $17,700 with interest, and the defendants would confine the legacy fund due to be paid to the eight legatees, including the defendant Joseph Ullmann himself, to this sum, according to the plea of the answer.

An award by the Mixed Claims Commission for the partnership assets of Charles Ullmann (testator) seized by the German Alien Property Custodian was conceded by the defendants at trial to be the sum of $63,200, with interest at five per cent from October 1, 1920, the said sum being the testator's proportionate part of the unpaid partnership award.

Joseph Ullmann admitted he had received back from the United States Alien Property Custodian 1,500 shares of the preferred stock of the defendant New York corporation, Joseph Ullmann, Inc., valued at par of $100 each; also a dividend check thereon of $11,110.75; and also some $60,000 or $70,000 additional representing Charles Ullmann's partnership interest which had been turned over to the United States Custodian. It was shown too that Joseph Ullmann stated that his aunt, Mrs. Charles Ullmann, had transferred to him all the testator's assets in America; that in consequence he (Joseph Ullmann) had given up his legacy and agreed to pay his aunt $1,000 a month for the balance of her life; and that the situation was changed and he would not go through with the promise to take care of the American legatees.

An expert on the law of Germany testified that the testamentary " heiress " under the German law is possessed of the whole estate and responsible therefor; and that there is no official " administration " of estates in Germany in the meaning of American law.

We think that these facts established a right in plaintiff to bring an action in behalf not only of himself but also of the other legatees similarly situated. The legacy fund is one in which the legatees have a common interest, and the fund is no longer held by domiciliary or ancillary representatives of an estate.

The only beneficiaries named in the will are the wife, now deceased, and the ten legatees, of whom eight are surviving, and of these eight, three live in Germany. The survivors, under the form of the will, took a vested remainder upon the testator's death in 1921, and became entitled to the fund proportionately, as provided in the testamentary script.

An equitable action for accounting will result in segregating

testator's assets and provide an impress of a lien thereon to the extent of the legacy fund and accumulations for the benefit of such legatees as may come in, and for administering the fund according to their respective interests.

The defendants, by assuming control of the testator's assets, as shown by the petition to the United States State Department and the awards of the Mixed Claims Commission covering the German assets, and by their receipt from the Custodian of checks and corporate stock of the testator, created a fiduciary relationship wherein the defendants are accountable to the unpaid plaintiff and other legatees similarly situated, who are financially interested in the testator's assets.

The action is not a proceeding in probate, nor a petition for compulsory payment of legacies by executors. It is not an action in the right of the estate or for its benefit. It would be a futile proceeding to have a substitute executor appointed when all the duties of executors under the will expired on April 14, 1925, at the death of the widow. The action does not affect the estate so as to require ancillary proceedings or other intervention of a probate court.

The legacy fund was a first charge on all the testator's assets, and when the widow and heiress, Ernestine Ullmann, took under the will, she was obligated to pay the legacy fund and otherwise observe the terms of the will.

Upon the death of the testator on July 24, 1921, the legacy fund became vested. Merely the time of payment was postponed during the trust period for the benefit of the widow. The naming of intermediary executors or trustees to invest the legacy fund in behalf of the widow during her life, does not require their revival to pay petitioner and his fellow legatees. The executors named for the appointed purpose were trustees of the legacies and of the legacy fund during the life of the widow and for her benefit; but they are not trustees of the legatees. The will did not clothe the appointees with any trust, or power in trust, with reference to the legatees.

When the trust ceased, the estate or title of the trustees ceased. *Ratione cessante officium cessat.*

Under the circumstances here disclosed, the legacy might have been paid without intervention of an ancillary administrator. The title to the legacy belongs to the person beneficially entitled without the intervention of any administrator in the domicile. No affirmative proof of the existence of any debts is made, and it will not be presumed that they exist.

When the defendant Ullmann entered into his agreement with

the widow without any legacy fund having been set up, knowing the provisions of the will, he became obligated to carry out the direction of the will to the extent of the fund received. No ancillary or other administrative proceedings were ever taken, and the German testamentary appointees are dead.

The widow and two of the legatees are deceased; and the eight surviving legatees in whose behalf the action is brought are the only ones entitled to the vested legacy fund. We think the defendants must account.

Accordingly the judgment dismissing the complaint should be reversed, with costs, and judgment directed for an accounting, as prayed for in the complaint, with costs.

Dowling, P. J., Merrell and Finch, JJ., concur.

Judgment reversed, with costs, and judgment directed for an accounting as prayed for in the complaint, with costs. Such findings should be made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.