In the Matter of the Estate of ROSE M. ROEBEN, Deceased.

Surrogate's Court, Bronx County, June 20, 1939.

*Jacob Meadow* [*Max Bergman* of counsel], for the petitioner.

*Daniel Steingart* [*Archie Borrok* of counsel], for Johanna S. Schimmel, as ancillary coexecutrix, etc., respondent.

HENDERSON, S. Upon the hearing in this application to remove the ancillary coexecutrix and to revoke her ancillary letters testamentary, the petitioning coexecutor and ancillary coexecutor offered in evidence the following four documents: (1) Copy of the order of the Bergen County Orphans Court, dated May 13, 1936, revoking the respondent's letters testamentary and removing her from her office of coexecutrix; (2) copy of the decree and remittitur of the New Jersey Prerogative Court, dated March 11, 1938, affirming such revocation and removal; (3) copy of the order of affirmance and remittitur of the New Jersey Court of Errors and Appeals, dated February 6, 1939, affirming such decree of the Prerogative Court; and (4) copy of the record on the appeal to the New Jersey Court of Errors and Appeals.

No objection to their reception was made on any technical ground. The fourth document was not exemplified, but under the concessions made upon its submission, it must be treated as a duly authenticated true copy of the record. No attack was made upon them for want of jurisdiction over the subject-matter or the parties, or for fraud, or because the respondent was not personally served with process within the territorial jurisdiction of the Orphans Court or did not appear therein. In fact, she was represented in the three courts by her proctors of record and both she and her New York counsel testified on her behalf in the Orphans Court. The copies of the orders and judicial proceedings in the New Jersey courts were admitted in evidence over objections to their receipt on the ground that they had no effect in this State either as compelling a revocation of her ancillary letters or as evidence of the petitioner's allegations. The petitioner rested without calling any witness to testify here as to the allegations of the petition in the New Jersey proceedings.

The respondent called a witness who was not permitted to testify as to his esteem for the coexecutrix or as to his desire to have her continue in office. The respondent also offered other witnesses to refute and deny the charges in the petition — **not** the

fact that there had been a determination in New Jersey — but the charges themselves, on the merits. Objection to this offer was sustained on the ground that the same questions of fact were litigated and determined in New Jersey and that the respondent was not entitled to litigate them over again here.

The decedent's will was duly probated in the county and State of her residence, Bergen county, N. J., and letters testamentary were there duly issued to the petitioner and the respondent, each then and now a resident of this county. Subsequently ancillary letters testamentary were duly issued to them by this court.

The mere fact that the letters testamentary of the respondent were duly revoked in the domiciliary jurisdiction, is not sufficient alone, to compel the revocation of the ancillary letters testamentary issued to her by this court. As ancillary executrix, she is an officer of this State and cannot be removed, directly or indirectly, by any court of another State. (*Milner* v. *Hoag*, 182 App. Div. 524; *Lockwood* v. *United States Steel Corporation*, 153 id. 655, 659; revd., on another ground, 209 N. Y. 375.)

However, such full faith and credit must be given here to these judicial proceedings as would be given them in New Jersey. (U. S. Const. art. IV, § 1; U. S. Code, tit. 28, § 687.)

This obligation to give full faith and credit requires courts in this State to accept as conclusive evidence when properly submitted. a finding of a material fact by a court of competent jurisdiction in a sister State, provided that the issue of such fact was there tried on the merits between the same parties, and that the party here sought to be concluded was served with process within the territorial jurisdiction of such foreign court or duly appeared in the action or proceeding heard therein. (*Carpenter* v. *Strange*, 141 U. S. 87, 101, 103, 105; *Owsley* v. *Central Trust Co.*, 196 Fed. 412, 418; *Everett* v. *Everett*, 180 N. Y. 452, 460; approved and writ of error dismissed, 215 U. S. 203, 214, 216; *Ward* v. *Boyce*, 152 N. Y. 191, 201; *Lazier* v. *Westcott*, 26 id. 146, 150, 154; *Rocco* v. *Hackett*, 15 N. Y. Super. Ct. 579, 589; affirmance noted in *Lazier* v. *Westcott*, *supra*, p. 154; *Andrews* v. *Montgomery*, 19 Johns. 162.)

The judgment rendered against the executrix in New Jersey is conclusive against her in this court which appointed her ancillary executrix. (*Owsley* v. *Central Trust Co.*, *supra*; *Helme* v. *Buckelew*, 229 N. Y. 363, 367.) Our Court of Appeals has also held that such a judgment has the same effect upon the rights of the litigants as though it had been rendered by a court of this State. (*Atlanta H. G. M. & M. Co.* v. *Andrews*, 120 N. Y. 58, 61.)

The authorities cited by the respondent concern judgments *in rem* and are not in point where, as here, there is personal service

or appearance and the judgment is *in personam*. On the contrary, they imply that the facts on which a judgment rendered by a court of another State is based, may not be controverted again by a party who was personally served or who has appeared and litigated the issue. (See *Durant* v. *Abendroth*, 97 N. Y. 132, 141; *Maynicke* v. *Maynicke*, 152 Misc. 727, 732.)

One of the facts found in the New Jersey litigation is that the respondent suggested a scheme to the petitioner whereby both might make a profit of $400 on the item in the will providing for the erection of the monument and the foot markers on the graves, by paying $800 to the monument builder but obtaining a receipt for $1,200 and dividing the difference between them. The will directed such erection at an expense of $1,200. In accordance with the constitutional direction and the congressional legislation above noted, I make the same finding of fact here. I hold that the fact so found is sufficient evidence of dishonesty by reason of which the respondent is unfit for the due execution of her office as ancillary executrix. (Surr. Ct. Act, § 99, subd. 2.)

The application is granted and the ancillary letters testamentary heretofore issued to the respondent are revoked. She is directed to account for all money and other property received by her as such ancillary executrix, by filing her account with a petition for its judicial settlement and obtaining the issuance of a citation within ten days after the service upon her of a copy of the decree to be entered hereon with notice of entry thereof, and to complete service of such citation without undue delay. She is also directed to pay and deliver all money and other property in her hands as such ancillary executrix to the ancillary executor.

On consent, the petitioner's motion to dismiss the respondent's cross-petition is granted without prejudice to such proper proceeding as she may be advised to institute.

Settle decree.