In the Matter of the Estate of THOMAS J. LANIGAN, Deceased.

Surrogate's Court, Westchester County, July 19, 1940.

*Toomey, Edwards & Connelly* [*Harold M. Edwards* of counsel], for Mary A. Lanigan, petitioner.

*W. Vincent Grady*, for the executors.

Millard, S. This testator died on November 1, 1939, leaving surviving his widow, Mary A. Lanigan, and no children.

Article " Third " of his will provides as follows:

" *Third.* I give and bequeath to my nephew, Donald Mansfield, the sum of Three Thousand Three Hundred ($3,300.00) Dollars, in lieu of stock of the Southern Railway which I have purchased for his benefit."

Under article " Fourth " of his will, his wife is given the use of their home known as No. 8 Gainsborough road, Scarsdale, N. Y., " during her life or as long as she shall there reside and upon the death of my said wife, or upon her removal therefrom, I direct that such property shall revert to and become part of my residuary estate."

By article " Fifth " of the will, he bequeaths the sum of $10,000 to his trustees with directions to pay " all taxes, interest and amortization of mortgage, and all other charges which may become due upon my property at No. 8 Gainsborough Road, Scarsdale, New York;" to pay to his wife the sum of $200 per month, and to his sister the sum of $150 per month, all of said payments to cease when refund annuity contracts are secured, the balance then remaining to revert to his residuary estate.

By article " Sixth " of his will, testator bequeaths his entire residuary estate to trustees, and by subdivision " C " thereof they are directed:

" C. Out of the proceeds of the sale of the residue of my estate, I direct that my trustees hereinafter named purchase Refund Annuity Contracts for the benefit of my wife, Mary A. Lanigan, in amounts necessary for her to derive a total income of Two Hundred ($200.00) Dollars per month, payable on the first day of each and every month during her lifetime, and I give to my wife full power to designate, in such contracts, the beneficiary of any balance remaining in said annuities at the time of her death."

Identical provision is made by testator for his sister, Elizabeth Lanigan, except that the amount per month is $150. He further designates the insurance companies from whom the annuities are to

be purchased, and directs that the balance remaining after the purchase of these annuities be distributed in equal shares to designated beneficiaries.

The widow has now petitioned for a construction of the will with respect to the following matters:

(1) As to the payment of installments of principal and carrying charges on No. 8 Gainsborough road, Scarsdale, N. Y., by the life tenant.

(2) As to the validity of the trusts set forth in article " Sixth " of the will, and whether or not the widow may elect to take the capital sum instead of having it invested for the purpose of producing the annuity specified in the will.

(3) Whether or not the legacies to the widow should be preferred over all other legacies, and

(4) Whether or not the widow has a right of election under section 18 of the Decedent Estate Law.

These questions will be considered in the order outlined above. It is the general rule that all carrying charges on real property are chargeable to the life tenant. (*Matter of Lott*, 251 App. Div. 333.) The real property at No. 8 Gainsborough road, Scarsdale, N. Y., is incumbered by a mortgage in the principal sum of $11,600, which by its terms is to be amortized over a period of twenty years by monthly payments, including principal and interest, of $79.83. At the time of decedent's death the principal amount of this mortgage had been reduced to $10,954.78. The monthly payment, representing interest and a proportionate reduction of principal, is based upon a formula now in current use by various mortgage loan institutions. Therefore, in the instant case, if the widow were required to pay the stipulated monthly payment she would, in effect, be paying off the principal amount of the mortgage for the benefit of the remaindermen. Certainly the testator contemplated no such procedure nor would such a requirement be consistent with a gift of the life use of the property in question. In accordance with the general rule as enunciated above, after the purchase of the refund annuity contracts and during the time the widow remains in occupancy of the premises, she will be required to pay only the ordinary carrying charges, such as mortgage interest, taxes, ordinary repairs, etc. The executors will be required to hold in reserve a sufficient sum to pay that portion of the monthly mortgage payment which represents the amortization of the principal amount thereof.

The rules with respect to the widow's right to preferential treatment are well settled by the authorities. These rules have not, in my opinion, been changed by reason of the abolishment of dower

right. (*Matter of Smallman*, 138 Misc. 889; *Matter of Gabler*, 155 id. 418; affd., 242 App. Div. 797; affd., 267 N. Y. 559; *Matter of Neil*, 238 id. 138.) For all that appears, the widow was and now is entirely dependent upon the bounty of the testator for her support and maintenance. He left no other dependents. Upon all the facts before me, and upon the authorities cited, I hold that the provisions made for the benefit of the widow in the will of this testator are entitled to preferential treatment over all other legacies. The will itself contains no indication of a contrary intention.

Although, under article " Sixth " of his will, testator purports to bequeath to his trustees the entire residuary estate in trust, the result is merely passive because his so-called trustees are not charged with the performance of any trust duties nor is a trust in the true sense created. The duties imposed upon them are executorial in character, namely, the purchase of annuities and the distribution of the balance to designated persons. The same ruling is applicable to article " Fifth " of the will. The fact that the duties imposed by paragraphs " Fifth " and " Sixth " of the will are merely executorial, do not destroy or in any wise affect the validity of the provisions contained therein.

The precise question raised as to the widow's right to take the capital sum in lieu of the annuity has never been passed upon by any court, so far as I have been able to ascertain, since the enactment of section 47-b of the Decedent Estate Law. The footnote appended to this amendment by the Law Revision Commission reads as follows: " Its purpose being to permit a person, for whom an assignable annuity is directed to be purchased, to take the cash value from the estate." In the case at bar, testator divests his estate of all future interest in the annuity for the benefit of his widow after its purchase and confers upon her " full power to designate, in such contracts, the beneficiary of any balance remaining in said annuities at the time of her death." This language, in my opinion, very definitely describes an assignable annuity within the meaning of section 47-b of the Decedent Estate Law, and gives to the widow the right to elect to take the capital sum in lieu of the annuity.

In view of the above rulings, the remaining question probably becomes academic. For the future guidance of the executors, however, I hold that in the event the widow elects to take the annuity, she will have the limited right to elect to take $2,500, which sum shall be deducted from the capital amount necessary to purchase her annuity. She has no general right of election. (Dec. Est. Law, § 18.)

Settle decree accordingly.