In the Matter of the Estate of MAX NORDHAUSER, Deceased.

Surrogate's Court, Bronx County, January 13, 1950.

*Leopold Landenberger,* as executor of Max Nordhauser, deceased, petitioner in person.

*Moses & Haas* for Siegfried Amerikaner, respondent.

HENDERSON, S. This is a discovery proceeding. It appears that one Leopold Gunzenhauser died in Germany in 1931, survived by his widow, Emma and their three infant children, all subjects of Germany. Under his will, the respondent was named as executor and the widow and children were given equal shares in the estate.

The widow Emma Gunzenhauser died in 1940. In 1948 the three children, Max, Walter and Ruth were declared dead by a decree of the District Court of Bamberg, Germany as of December 31, 1943, June 30, 1943 and March 2, 1943, respectively.

The Gunzenhauser children were the beneficiaries of a testamentary trust established by their uncle who died in the city of Boston, Massachusetts. As a result of proceedings brought by the trustees, the Probate Court for the county of Suffolk, city of Boston, Massachusetts, determined by its decree dated March 3, 1949, that the Gunzenhauser children had died in 1943 on the same dates specified in the German decree and that " the only heir entitled by law of the said deceased beneficiaries is Max Nordhauser ", who is the testator herein. The trustees were directed to distribute the fund to the petitioner herein as the executor of Max Nordhauser who died a resident of Bronx County on the 20th day of September, 1948.

The petitioner alleges that the respondent is in possession of moneys which he obtained as executor under the will of Leopold Gunzenhauser and which should be delivered to him as the executor of Max Nordhauser. He asserts that since it has been determined by the Boston decree that the testator herein was the sole distributee of the Gunzenhauser children who in turn were the only distributees of their father, Leopold Gunzenhauser, and their mother, Emma, title to and the right to possession of all

the assets of Leopold Gunzenhauser vested in the testator. The respondent questions the right of the petitioner to bring this proceeding. He also maintains that the Boston decree is not binding upon him and that legal representatives of the estates of the foreign decedents must be appointed before a direction for distribution can be made. By an affidavit filed herein, he alleges the existence of claims of himself and a third person for moneys advanced to the foreign decedents.

There is no dispute as to the deaths of the children.

After an oral motion to dismiss the proceeding, a preliminary hearing was held. Upon the hearing it was brought out by the respondent's attorney that the testator herein had a brother, Theodor, and a sister, Rosa, both of whom resided in Germany and who, if living, would also be distributees of the Gunzenhauser children.

The petitioner's attorney testified that he had participated in the Boston proceedings and had, to the best of his knowledge, given testimony therein with respect to the possibility of the deaths of Theodor and Rosa. The process therein was served by publication upon all persons interested as heirs at law and next of kin of the Gunzenhauser children. The decree contains no recital with respect to these two persons.

The petitioner's attorney has shown that under the German law a distributee is entitled to possession of the estate of a decedent and obtains title thereto without the intervention of an administrator.

The law is clear that the testator herein, by reason of his claimed relationship to the Gunzenhauser children and his executor's allegations that under German law the right to possession of the deceased foreign legatees' assets vested immediately in him, could have maintained an action against the respondent to enforce payment and delivery of any assets of the legatees in his possession. The appointment of estate representatives would not be an absolute prerequisite to the maintenance of legal action (*Sultan of Turkey* v. *Tiryakian*, 213 N. Y. 429; *Ullmann* v. *Ullmann*, 223 App. Div. 636; *Matter of Van Kleeck*, 95 Misc. 40). After his death, his estate representative had the right under the clearly expressed provisions of section 205 of the Surrogate's Court Act to bring this proceeding.

The respondent, however, has squarely put in issue the fact of the deaths of Theodor and Rosa, the testator's brother and sister.

The Boston decree upon which the petitioner wholly relies for his success in this proceeding does not conclude these persons and does not create in favor of the testator herein a right of sole succession to any of the foreign decedents' assets which may be in the hands of the respondent. It has no binding effect upon this court.

The obligation to give full faith and credit to a judgment of a court of a sister State and to accept as conclusive evidence a finding of a material fact by such court provided that such issue was tried upon the merits between the same parties, relates only to proceedings in which the party here sought to be concluded was served with process within the territorial jurisdiction of the foreign court or duly appeared in such action or proceeding (*Matter of Roeben,* 171 Misc. 548, affd. 259 App. Div. 866, affd. 285 N. Y. 807). The decree can form no basis for a personal judgment and cannot affect the title to property not within the jurisdiction of the foreign court (*Brown* v. *Fletcher's Estate,* 210 U. S. 82, 90; *Ward* v. *Boyce,* 152 N. Y. 191, 195; *Matter of Zeitz,* 85 N. Y. S. 2d 668).

The respondent in these circumstances could not be discharged effectively by a delivery of the assets sought by the petitioner (*Matter of Goldstein,* 299 N. Y. 43; *Opton* v. *Guaranty Trust Co.,* 194 Misc. 261).

From all of the foregoing, it is clear that this matter is not a case in which nothing remains for a final disposition of the estates of the Gunzenhauser children except the distribution of their property, thus eliminating the necessity of formal administration.

Upon the issuance of letters of administration in the estates of the children, a complete disposition of the alleged claims and a binding determination as to the presumptive deaths of Theodor and Rosa may be made therein (*Matter of Rowe,* 103 Misc. 111, affd. 197 App. Div. 449, affd. 232 N. Y. 554; *Matter of Benjamin,* 155 App. Div. 233; *Matter of Wagener,* 143 App. Div. 286). This relief cannot be obtained in this proceeding.

The petition is therefore dismissed.

Settle decree.