In the Matter of the Accounting of the PUBLIC ADMINISTRATOR OF KINGS COUNTY, as Administrator of the Estate of MITCHELL SALMON, Deceased, Respondent. ALVIN SOLOMON et al., Appellants; THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.— In a proceeding by the Public Administrator of Kings County to settle his accounts as administrator of the intestate, respondents Solomon and Birnbaum appeal from a decree of the Surrogate's Court, Kings County, on reargument, insofar as the administrator is thereby directed to pay the balance remaining in his hands after payment of certain expenses and disbursements to the treasurer of the city of New York for the benefit of unknown distributees of the intestate. At a hearing before the Surrogate it was

established that the decedent left no spouse, children or their descendants, or parents him surviving; that he had been one of three brothers and had three sisters, and that appellants are the children of a brother who predeceased the intestate. As to the remaining brother and three sisters, proof was adduced that they were alive and residing in Russia, intestate's country of origin, in 1911, and there was testimony to the effect that intestate had been in communication with some of them for a number of years thereafter, but had ultimately lost contact with them. There was no direct proof that any of them had died, nor as to the existence of descendants of any of them, except that one of decedent's sisters had been the mother of two children. At the time of his death decedent was fifty-one years of age. Decree modified on the law so as to provide that the administrator distribute to appellants jointly a one-fifth share in the net estate, the remainder to be paid to the city treasurer as provided in the decree and as so modified, unanimously affirmed, with costs to the appellants, payable out of the estate. In our opinion the learned Surrogate was correct in refusing to find that appellants are the sole distributees entitled to share in the estate, which would require a presumption that decedent's brother and three sisters, residents of Russia, had predeceased him, leaving no descendants who survived him. The present record presents no foundation for such a presumption. (See *Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197.) However, the Surrogate also held that the shares to which appellants, as nephew and niece of intestate, would be entitled, cannot be fixed until the number of nephews and nieces, or their descendants, who survived intestate, has been determined. This would be true if his brother and sisters had all predeceased him. (Decedent Estate Law, § 83, subds. 8, 9.) In our opinion, however, the facts presented by the present record give rise to a presumption that at least one of those persons was still living at the time of intestate's death. (See *Matter of Shupack*, 158 Misc. 873; *Matter of Katz*, 135 Misc. 861; *Young* v. *Shulenberg*, 165 N. Y. 385; *O'Gara* v. *Eisenlohr*, 38 N. Y. 296, and *Matter of Zalewski*, 177 Misc. 384.) In that event, appellants, as children of a deceased brother, are entitled to such share as their father would have received if he had survived intestate, which would be at least one fifth. (Decedent Estate Law, § 83, subd. 6.) Their right to any further share, however, must await proof as to the existence or death of the brother, sisters and their descendants. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ.