In the Matter of the Probate of the Will of MOSES TROPPER, Deceased. JOSEPH TROPPER et al., Appellants; REGA TROPPER et al., Respondents.— In a contested probate proceeding, the contestants appeal from so much of a decree of the Surrogate's Court, Queens County, as admits decedent's will to probate, after trial before a jury on framed issues relating to testamentary capacity, fraud and undue influence. Decree, insofar as appealed from, reversed on the law and the facts and new trial ordered, with costs to appellants to abide the event; the new trial to be limited, however, to the issue of testamentary capacity. In our opinion the jury's nonunanimous finding of testamentary capacity is contrary to the weight of the evidence. It is also our opinion that it was error for the Surrogate in his charge to instruct the jury with respect to the widow's right of election. MacCrate, Schmidt and Beldock, JJ., concur; Wenzel, J., concurs for reversal and a new trial of the issue of testamentary capacity on the grounds stated by the majority and votes also for a new trial of the issues of fraud and undue influence, with the following memorandum: In my opinion, substantially the same proof which was offered on that issue was also offered upon the issues of fraud and undue influence. The jury's negative findings upon the latter two issues are likewise contrary to the weight of the credible testimony and contrary to the documentary evidence. Hence, the proof in this record cannot properly be said to be insufficient on the theory that it is " equally consistent with the absence as with the existence " of the wrongful acts claimed, as in the two cases cited in the dissenting memorandum of the Presiding Justice (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90, 93–94; *Shotwell* v. *Dixon*, 163 N. Y. 43, 52; see, also, *Matter of Fleischmann*, 176 App. Div. 785, 786–787, and *Matter of Ruef*, 180 App. Div. 203, affd. 223 N. Y. 582). The question of the decedent's mental condition was a factor in the determination of the jury not only as to the testamentary capacity but also on the questions of fraud and undue influence. A testator whose memory and mental processes are unimpaired would not be as readily influenced as one who, according to the proof, was mentally ill and suffering from aberrations and delusions (*Rollwagen* v. *Rollwagen*, 63 N. Y. 504, 519; *Matter of Anna*, 248 N. Y. 421, 424; *Matter of Streb*,

247 App. Div. 556, 558). In my opinion there also are two errors in the charge to the jury which require a new trial: (1) At proponent's request the Surrogate charged " that the deceased must under the law leave property to his wife and if he does not that the wife is granted a right of election under the New York law." Such instruction was irrelevant to any of the issues. Moreover, the right of election is limited and, in the absence of a complete and accurate statement as to the limitations upon the right, the instruction may well have mislead the jury into the belief that the proponent in any event was entitled to inherit the decedent's estate upon his death. (Cf. *Matter of Eno,* 196 App. Div. 131, 165–166, and *Matter of Dalton,* 185 Misc. 785, 788.) This erroneous instruction was aggravated, rather than clarified, by the Surrogate's subsequent *refusal* to charge, at contestants' request, " that in the event the will is denied probate the widow will receive her intestate share of the estate, and that is the first $10,000. plus one half of the balance." (2) In his main charge the Surrogate stated that " undue influence must be established by such an array of circumstances as to make " its " existence \* \* \* irresistible \* \* \*." Such a charge is basically erroneous since contestants are required to establish undue influence only by a preponderance of the evidence. (*Matter of Schillinger,* 258 N. Y. 186; *Matter of Wharton,* 270 App. Div. 670, affd. 297 N. Y. 671; *Bunce v. City of New York,* 261 App. Div. 838; *Matter of Dowdle,* 224 App. Div. 450, 454, affd. 256 N. Y. 629; *Matter of Dotterweich,* 210 App. Div. 131, 139–140; cf. *Matter of Hill,* 241 App. Div. 911, and *Matter of Phillips,* 193 Misc. 1046, 1049, revd. on other grounds, 276 App. Div. 821, affd. 301 N. Y. 696.) Although the Surrogate also charged the correct rule, the jury might well have been confused. (See *Johnson v. Blaney,* 198 N. Y. 312.) Despite the absence of an exception to these erroneous instructions, this court in the interests of justice may direct a new trial (*Beneke v. Palazzi,* 256 App. Div. 946) particularly on an appeal from a Surrogate's Court based upon the facts. On such an appeal the appellate court is not bound by the same technical rules of procedure as obtains in appeals from other courts. (See Surrogate's Ct. Act, § 309; cf. *Matter of Goldstein,* 299 N. Y. 43, 48; *Matter of Burnham,* 234 N. Y. 475, 477, and *Matter of Martin,* 80 Misc. 17, 20–24.) Nolan, P. J., dissents and votes to affirm, with the following memorandum: It is immaterial whether or not the jurors were correctly charged on the issues of fraud and undue influence. The evidence adduced on those issues was insufficient as a matter of law to sustain the objections interposed. (Cf. *Ruppert v. Brooklyn Heights R. R. Co.,* 154 N. Y. 90, 93–94, and *Shotwell v. Dixon,* 163 N. Y. 43, 52.) Appellants are in no position to urge that it was error to charge, with respect to the issue of testamentary capacity, as to the widow's right of election under section 18 of the Decedent Estate Law. They acquiesced in the charge and requested a similar charge to the effect that the widow would be entitled to her share in the estate if the objections to the will should be sustained. In any event, no exceptions were noted to the charge, and the instructions given became the law of the case. (*Leonard v. Home Owners' Loan Corp.,* 297 N. Y. 103, 104–105.) The question of testamentary capacity was one of fact, which depended for its determination on the weight to be given conflicting evidence, and there is substantial evidence in the record which is more than sufficient to sustain the jury's verdict. [See *post,* p. 1013.]