James J. Conroy, J.
Motion by a receiver in sequestration to compel the executors of the estate of defendant’s father to pay over to her two fifths of the residuary estate of said decedent on the theory that his will provided for the purchase of an assignable annuity in favor of the defendant thereby giving him the right to elect to take the capital sum.
In view of the fact that no construction proceeding is pending in the Surrogate’s Court this court will not refuse to entertain jurisdiction of this application. (Ludwig v. Bungart, 48 App. Div. 613, 616.)
The controlling statute is section 47-b of the Decedent Estate Law, which reads in pertinent part as follows: “ If a person hereafter dyins: shall direct in his will the Durchase of an annu *239 ity, the person or persons to whom the income thereof shall be directed to be paid shall not have the right to elect to take the capital sum directed to be used for such purpose in lieu of such annuity except to the extent the will expressly provides for such right, or except to the extent that the will expressly provides that an assignable annuity be purchased.” (Italics supplied.) That statute changed the common-law rule (Matter of Maubaum, 296 N. Y. 201, 206) under which “ a direction in a will for the purchase of an absolute and unqualified annuity gave to the beneficiary the right to receive the capital sum in lieu of the periodic payments ” (Matter of Levy, 199 Misc. 751, 753). Today an annuitant may not elect to take the capital sum unless the will (1) “expressly provides for such right” or (2) “ expressly provides that an assignable annuity be purchased.”
The pertinent paragraph of the will in question reads as follows:
“ Twelfth. All the rest, residue and remainder of my estate, real and personal, and wheresoever situated, I give, devise and bequeath as follows:
‘ ‘ Three-fifths part thereof to my daughter, Gertrude F. King Baylis, absolutely and forever.
“ Two-fifths part thereof to my Executors, hereinafter named, for the use and purpose following: To use, employ and expend the same in the purchase of one or more fully paid up annuity contract or contracts on the life and for the sole benefit of my son, Lionel King [the defendant herein], whereby he shall receive from said contract or contracts for the period of his natural life an annuity or annuities payable to him in quarter-annual payments. ’ ’
Since the will does not expressly provide that defendant may elect to take the capital sum instead of the periodic payments, the sole question presented is whether it expressly provides that an assignable annuity be purchased. In the opinion of this court it does not. Plaintiff places great stress upon the words “for the sole benefit of”, but, as stated by Surrogate FRAmiEXTHAXiER in Matter of Levy (supra, p. 755), “If we are to say that a direction for the purchase of an annuity for the sole benefit of one person is equivalent to the statutory requirement of an express direction for an assignable annuity, then all the endeavors of the Legislature have been in vain and ‘ all these principles and distinctions, so nicely wrought and formulated, have been a waste of time and effort ’ ’ ’. That the will in the Levy case provided for the purchase of a non-refund policy and the will in the case at bar does not is of no significance for ‘ ‘ The idea of assignability is totally distinct *240 from the idea of refundability.” (Matter of Levy, supra, p. 754.) In Matter of Goodman (64 N. Y. S. 2d 76, 80) the will expressly provided that the annuity was to terminate on the death of the annuitant ‘ ‘ ‘ without remainder or interest in favor of any other person ’ ” and in Matter of Lanigan (174 Misc. 570, 573) the will expressly provided that the testator’s wife was to have “ Mull power to designate, in such [annuity] contracts, the beneficiary of any balance remaining in said annuities at the time of her death.’ ” No similar provision is contained in the will under consideration.
Accordingly, the motion is denied.
Submit order.