Maximilian Moss, S.
Decedent’s maternal uncle has applied for letters of administration on her estate. The proof establishes that decedent and her husband died in a common disaster on November 28, 1957. No proof is submitted as to who died first. In such circumstances her estate will be distributed as if she survived her husband (Decedent Estate Law, § 89, subd. 1; Matter of Dunham, 188 Misc. 1026; 188 Misc. 1027; Matter of Gerasimoff, 96 N. Y. S. 2d 142).
In support of the application the petitioner has proved that decedent left no issue, never adopted any children and that she survived her mother. There is proof tending to show that decedent’s father would now be about 78 years of age; that he left his wife and decedent about 1924, when the latter was under one year of age; that since that time he never supported or maintained either of them; and that his whereabouts are unknown. Petitioner claims that such proof establishes a fair presumption that decedent’s father predeceased her and therefore letters should be issued to petitioner (Decedent Estate Law, § 87, subd. [e]).
Such facts and circumstances do not warrant a presumption of death (Matter of Katz, 135 Misc. 861). To the contrary they *312 give rise to a legal presumption of continuance of life of decedent’s father (Matter of Salmon, 282 App. Div. 881). Furthermore, such proof does not bind decedent’s father who has not been joined as a party to the proceeding (Matter of Goldstem, 299 N. Y. 43).
Since the right of decedent’s father to inherit from her has not been legally excluded, letters of administration will issue to the Public Administrator.
Settle decree on notice.