S. Samuel Di Falco, S.
The petition and the answer of the widow seek an adjudication of her right to elect to take against the will. That question has been .submitted to the court preliminarily in this contested accounting proceeding. Article Third of the will directs that if, at the time of his death the testator is married to Florence Linton Roland, such part of his estate ‘ ‘ as shall be equal to the amount said Florence Linton Roland would be entitled to receive under Section 18 of the Decedent Estate Law of the State of New York as it shall be in force at the time of my death shall be set aside Out of this amount she is to receive $2,500. The balance is to be set up in trust, the trustee to pay to her, “ at least annually, the net income therefrom during her life. ” The will then provides: ‘ ‘ The foregoing provisions are in lieu of all claims that the said Florence Linton Roland may have as surviving spouse in the exercise of a right of election.” Upon her death, “ The principal of this Trust ” is to be paid to the testator’s two sons.
The obvious intent of the testator was to create a trust for his widow in the amount which would be necessary under section 18 to forestall an election to take against the will. A provision very similar in text to that in the present will has been held to afford the spouse no right of election. (Matter of Hirst, 308 N. Y. 875.) Indeed the widow does not attack article Third of the will or make any claim that, in and of itself, it fails to give her all that she is entitled to receive. Her argument is that other conditions are set forth in other parts of the will which are destructive of the trust purportedly created for her benefit.
(a) Article Seventh provides that in the event that Florence Roland or any other legatee or beneficiary under the will should die simultaneously with the testator “ or under such circumstances as to render it impossible or difficult to determine, or *1020 reasonably doubtful, who predeceased the other, I hereby declare it to be my Will that it shall conclusively be deemed that the said Florence Linton Boland or any such beneficiary or legatee shall have predeceased me, and this, my Will, and any and all of its provisions, shall be construed on the assumption and basis that the said Florence Linton Boland or any such beneficiary or legatee shall have predeceased me.” Although different in wording, this provision is not substantially different from subdivision 1 of section 89 of the Decedent Estaté Law or the Uniform Simultaneous Death Act. The statutes, it is true, refer to a case where “ there is no sufficient evidence that persons have died otherwise than simultaneously ’ ’, while the will speaks of circumstances such 11 as to render it impossible or difficult to determine, or reasonably doubtful ” which one died first. The widow’s counsel is able to imagine situations where clear proof of death is difficult, and he assumes that the widow, although living, may be permanently deprived of the income. Fairly interpreted, the will does not mean that if there be some difficulty in assembling the proof, the conclusive presumption of the will becomes applicable even though the proof when assembled shows that the widow did survive. What it means is that when all the evidence that can be gathered is assembled and that evidence is not sufficient to show which one died first, the testator is presumed to have survived the beneficiaries named in his will. The statute would have that same effect if the will had said nothing on that subject. (Matter of Hoffer, 10 Misc 2d 311.) Under section 18, it is requisite only that the income of the trust be ‘1 payable to the surviving spouse for life ’ ’, and if the trustee and the court cannot be satisfied on all available evidence that her life extended beyond that of her husband, the trustee would not be required to set aside income for her estate.
(b) The testator specifically bequeathed the capital stock of two wholly owned corporations to his brothers, sisters and the spouses of a brother and sister. The widow claims that these specific legacies give her a right of election because under section 18 .she is entitled to a “ cross-section ’ ’ of the assets of the estate. The cases which she cites in support of her contention that her trust must consist of a proportionate cross section of all assets, were cases in which the testator attempted to put into the widow’s trust specific assets which had or might have an income value not fairly proportionate to the other assets (Matter of Bommer, 159 Misc. 511, 519; Matter of Halperin, 201 Misc. 763; Matter of Johnston, 208 Misc. 965; Matter of Hubbell, 65 N. Y. S. 2d 40, 45) or cases in which he *1021 attempted to give her only a proportionate share of the income produced by a particular mass of assets (Matter of Schmidt, 171 Misc. 95). In the case now before the court, what the decedent has put into the widow’s trust is money — an amount equal to her intestate share as that term is defined in section 18. The trustees are under a duty to invest that sum and to pay all of the income to the widow. As Surrogate Delehaxty wrote: “ The provisions made for surviving spouses by section 18 of the Decedent Estate Law were designed to assure to surviving spouses who met the conditions of the section a right to a fair participation in the estate of the deceased spouse. There is nothing in the text of the section itself nor anything in the note of the Commission which presented the legislation to the law-making body for enactment to indicate that there was intended to be conferred upon surviving spouses any privileges or rights except those which are stated in express terms in the section. The grant of rights to surviving spouses by the section was a very substantial grant. Conditions may be envisaged, perhaps, which might appear to justify a contest of a propounded paper by a surviving spouse despite provisions for the spouse which meet the test in the statute prescribing the conditions for an election. Nevertheless the statute appears to have had no purpose except to assure an actually fair participation by the spouse in the estate. When that is present the right to elect is absent.” (Matter of Eddy, 173 Misc. 723, 726.)
Here the widow is given all that the statute requires. She is assured of a fair participation in the total estate, that is, one third of the entire net estate. She has no right to demand particular assets.
It is to be noted that there is no contention at this point that the assets of the estate aré not sufficient to enable the executors to set up the trust and to discharge the specific legacies. The widow and the executors are now in dispute over the value of the two corporations. That question of value is among the 94 objections which were originally presented to the court. The widow argues at this point that with respect to her right of election, it is “ immaterial .that the stock of the close corporations may have had little value or great value ”. The court rules that the making of specific legacies which do not interfere with setting up the article Third trust in full, does not give the widow a right of election. The valuation of the stock interests is still open.
(c) The widow complains that the “ peculiar powers ” given by the will to the executors and trustee are potentially destructive of the trust corpus and make the widow’s trust illusory. *1022 The first group of powers of which she complains, relate to the two close corporations which were the subject of the specific legacies. The residuary legatees are the testator’s two sons. They are also the executors. Thus, in a practical sense, there can be no conflict between executors and residuary legatees. In spite of the fact that the stock of both companies was specifically bequeathed, the will grants to the executors broad powers to manage the companies and even to dispose of the stock. It authorizes them to use other assets of the estate as an investment in or loan to the businesses and to participate in the active management of the firms. These provisions could conceivably create issues between specific legatees and residuary legatees, but they pose no threat to the widow’s legacy.
The testator’s will indicates very clearly his intention to set aside for his wife’s benefit the amount required by section 18. , The legacy to the wife is the first dispositive provision in the will, following immediately after the clause revoking all prior wills and the clause directing payment of debts. The executors are directed to set aside a .sum sufficient to satisfy the statute, and the testator declared .that he intended this provision to be “ in lieu of ” her right of election. Since he could not take away any right of election which the law gives her and quite obviously did not intend to give her any choice in the matter, what he meant was that his purpose was to give her enough so that no election could be effectively exercised by her. Hence he intended that this minimum amount could not be subject to invasion or diminution for the benefit of any other legatee or beneficiary.
It has long been a settled rule of law that a legacy to a widow in lieu of dower is a preferred legacy (Flynn v. McDermott, 183 N. Y. 62, 66; Matter of Cameron, 278 N. Y. 352, 358; Matter of Gabler, 155 Misc. 418, affd. 242 App. Div. 797, affd. 267 N. Y. 559), and it has been held that a legacy in lieu of a widow’s rights, under section 18 would be accorded the same preference (Matter of O’Brien, 174 Misc. 136, 139; Matter of Morss, 164 Misc. 761, 765). Here the question is not so much one of preference in abatement as it is one of construction of the entire will and of determining the relative rights of beneficiaries. Viewing the will as a whole, the 'court construes article Tenth as giving the executors no power or authority to do anything that would diminish the amount of the legacy under article Third and gives them no authority to use any funds that would otherwise pass under article Third for any investment in or loan to the corporations. No power or authority granted in article Tenth was. intended to affect the legacy bequeathed in article Third.
*1023 The widow also directs her attack upon the general powers granted to the executors and trustees in article Ninth of the will. Her brief singles out the power to sell, lease, mortgage, exchange, pledge “ or otherwise deal in ” any real or personal property (par. f); to vote in person or by agent “ limited or discretionary proxy ” with respect to any investment (par. i); to buy any real property sold at foreclosure or other sale (par. j); and generally to exercise all rights and powers which could be exercised by an individual owner (par. r). These powers, fairly exercised, could not affect the widow’s rights. It is sufficient to say that the statute (Decedent Estate Law, § 18, subd. 1, par. [h]) empowers the court to direct the conduct of the fiduciary in a way that will assure the widow complete protection of her legacy. The court will make certain that none of these powers can be exercised in any way inimical to her interests.
The court holds that the widow has no right to elect to take against the will. She is entitled to receive the benefits given to her in article Third of the will.
The court has heretofore directed a hearing of the remaining issues in this contested accounting. Proceed accordingly.