OPINION OF THE COURT
Michael A. Telesca, S.
In this proceeding, the petitioner, Florence Duckman, widow of the deceased, seeks to enforce the terms of an antenuptial agreement which required her husband to bequeath to her the sum of $10,000 provided they were living together as husband and wife on the date of his death.
There is no dispute concerning the validity and effect of the antenuptial agreement which was entered into on December 12, 1963. The problem arises concerning its enforcement in view of a testamentary provision in the decedent’s will dated May 21, 1970 which directs the executor not to collect a promissory note which is the only asset in the estate. The deceased sold his interest in the Canandaigua Fishing Tackle Co., Inc., for $58,000 as evidenced by a note dated June 1, 1970 from his grandchildren, David Levine and Carol Freeman and her husband, *576 Meyer Freeman. The deceased died on October 29, 1980 and his will was admitted to probate on December 4, 1980 appointing Florence Levine executrix thereof who is currently in possession of the note. The estate is otherwise insolvent.
The parties agree that there are no factual issues since they both seek summary judgment. Respondent claims that the widow cannot take under paragraph second of the will because there are no assets in the estate to satisfy her claim for $10,000. Further, it is claimed, that the widow is at best a general creditor and there are outstanding unpaid funeral and hospital bills which would claim priority.
It is important to examine the decedent’s testamentary scheme. Paragraph second gives the widow her entitlement under the antenuptial agreement and in the very next paragraph (third) he directs the forgiveness of a $58,000 note given to him by the purchasers of his business, and further “I hereby direct my Executor not to sue or to make any claim or demand against the said Canandaigua Fishing Tackle Company, Inc., David Levine, Carol and Meyer Freeman or any of them or of the estates of said individuals”.
While courts should not “redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided” (Christian v Christian, 42 NY2d 63, 72), equity or fundamental fairness would dictate enforcing agreements between spouses, particularly that aspect which springs forward after death. Agreements between spouses unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith. (Ducas v Guggenheimer, 90 Misc 191, 194-195, affd sub nom. Ducas v Ducas, 173 App Div 884.)
Here, the widow lived up to her end of the bargain. She lived with the deceased as husband and wife and was still living with him on the date of his death. That being the case, the deceased was obligated to provide for her in his will (which he did) and leave her $10,000. In the very next paragraph of his will he directs his executor not to collect a $58,000 note which would more than satisfy his obligation to his wife and further, the payment of his funeral ex *577 penses and his hospital expenses. The deceased’s well thought out testamentary scheme would be frustrated and would prevent him from living up to the terms of an antenuptial agreement which he clearly wanted to honor.
Read together, the antenuptial agreement and the decedent’s will clearly indicate that the dominant purpose or plan of distribution was to provide for his wife ahead of any concerns for his grandchildren. He did not contemplate a result which would create a bankrupt estate by forgiving the balance due to him or his estate in the amount of $58,000, and as a consequence thereof, defeating the widow’s overriding interest. The law favors the interests of widows particularly here, where the parties bargained that she would receive less than her elective share. (See Matter of Lanigan, 174 Misc 570.) So settled is the rule of preferential treatment for legacies to a wife in lieu of statutory rights that it has even been sustained when a widow directed that the legacies to children be paid in preference to any other legacy. (Rowe v Lansing, 53 Hun 210; Matter of Roland, 40 Misc 2d 1018; see, also, Matter of Hamilton, 81 Misc 2d 40, 47.)
Thus, the executrix is relieved of her prohibition to collect the note and indeed, is directed to enforce the estate’s rights in the collection of the note and to apply the proceeds thereof first to the payments of just debts and funeral expenses, next in satisfaction of the widow’s claim in the amount of $10,000 and the balance in accordance with provisions of his last will and testament. The executrix is also reminded of her absolute duty of impartiality to all interested parties in the estate. (Matter of Bush, 2 AD2d 526, affd 3 NY2d 908; Matter of Heinrich, 195 Misc 803, 809.)