In the Matter of the Estate of ELLEN J. McGRATH, Deceased.

Surrogate's Court, Orange County, ————, 1927.

**Wills** — construction — testatrix gave all moneys in savings bank in trust for support of husband — after payment of his funeral expenses, on his death, balance was given to daughters — husband received and retained as his sole property moneys in savings bank on death of testatrix — husband's funeral expenses remain unpaid — provision for payment of funeral expenses was intended to create interest in estate — retention of moneys worked forfeiture of provision directing payment.

The testatrix herein gave all the moneys in a savings bank in trust, with a direction to use the income thereof and so much of the principal as, in the

judgment of her executor, might be necessary for the support and care of her husband. The will further directed that on said husband's death, his funeral expenses should be paid " therefrom," and that the balance remaining should be paid to designated daughters. The bank accounts were in the name of the husband in trust for testatrix, and on the death of testatrix the moneys, under a declaration of trust, were received and retained by the husband as his sole property. He has since died and his funeral expenses remain unpaid.

The provision directing the payment of the funeral expenses of the husband was clearly intended to create an interest in the estate, and by receiving and retaining the moneys on deposit in the savings bank accounts, he must be deemed to have elected not to accept the whole will, and, therefore, forfeited the provision in his favor. A person is not permitted to defeat a disposition under a will where it is in his power, and, at the same time, take under the will.

PROCEEDING for judicial settlement of account of the administrators with the will annexed of the above-named deceased involving construction of will.

*Henry W. Chadeayne*, for the administrators.

*Graham Witschief*, for Mary Smith, a residuary legatee.

*Henry Hirschberg*, for Johanna Dunn, a residuary legatee.

SMITH, S. Ellen J. McGrath has left a last will and testament of which the 2d paragraph reads as follows:

" To my Executor hereinafter named, I give and bequeath all moneys on deposit in the Newburgh Savings Bank, in trust, to hold and keep the same and to use the income thereof, together with so much of the principal as in the judgment of my said Executor may be necessary for the support and care of my husband, Edward McGrath, and on his death to pay therefrom his funeral expenses and to pay over any balance then remaining to my daughters, Johanna Dunn and Mary Smith, in equal shares, or to their descendants, if either shall be dead leaving descendants, or to the survivor in the event of the death of either before my said husband without leaving any descendants."

The last part of the 3d paragraph reads as follows: "All the rest residue and remainder of my estate I give to my said Executor, the same to be added to the amount bequeathed by Paragraph Two hereof and held by him upon the same conditions as therein specified."

The accounts of moneys on deposit in the Newburgh Savings Bank were in the name of the husband, Edward McGrath, in trust for Ellen J. McGrath, and the declaration of trust filed with the bank states in substance that, upon the death of Ellen J. McGrath, said moneys shall belong solely to said Edward McGrath. After her death, said money was received and retained by Edward McGrath as his sole property. He has since died and the bill for

his funeral expenses amounting to $437.50 remains unpaid. The residuary legatee Smith claims that such amount is a demonstrative legacy which should be paid from the residue in the hands of the administrators because the fund from which it was directed to be paid has failed, while the legatee Dunn opposes such payment.

Where a testator, intending to dispose of his property, makes all his arrangements under the impression that he has the power to dispose of all that is the subject-matter of his will but includes property that belongs to another person or as to which another person has the right to defeat his disposition, giving to that person an interest by his will, that person is not permitted to defeat the disposition where it is in his power and yet take under the will. (*Matter of Noyes,* 7 N. Y. St. Repr. 703, 706.) That person cannot claim an interest under the instrument without giving full effect to that instrument as far as he can. (*Havens* v. *Sackett,* 15 N. Y. 365; *Gibbins* v. *Campbell,* 148 id. 410; *Beetson* v. *Stoops,* 186 id. 456, 464.) There are many other cases to this effect which need not be cited. This rule rests upon general principles of right, justice and fair dealing.

Where a beneficiary has a claim adverse to the provisions of the will, he is required to elect whether he will accept the whole will or stand upon his rights which are opposed to the will. (*Caulfield* v. *Sullivan,* 85 N. Y. 153; *Matter of Ballard,* 194 App. Div. 106.)

The provision directing the payment of the funeral expenses of said Edward McGrath was clearly intended to create an interest in this estate whether it be termed a demonstrative legacy or otherwise. By receiving and retaining the moneys on deposit in the Newburgh Savings Bank, he must be deemed to have elected not to accept the whole will and, therefore, forfeited this provision in his favor. (*Matter of Bratt,* 10 Misc. 491.)

Decreed accordingly. Submit decree with three days' notice of settlement.