Maximilian Moss, S.
Testatrix gave to her husband a legal life estate in two parcels of realty, the equity in which is less than $10,000. No other assets were left by testatrix. Distributees were her husband, a sister, nieces and nephews. The husband’s share in intestacy would be $10,000 plus one half of the residue (Decedent Estate Law, § 83, subd. 4). The minimum gift to a spouse under section 18 of the Decedent Estate Law is a use for life of that which in intestacy would be receivable outright; however the intestate share of the spouse, in exercising a right of election, would be one half of the net estate (Decedent Estate Law, § 18, subd. 1, par. [a]). It appears therefore that the gift to the husband exceeds the statutory minimum, but he is also entitled to the limited right of election to take the sum of $2,500 (Decedent Estate Law, § 18, subd. 1, par. [b] ; Matter of Million, 138 N. Y. S. 2d 729).
The remainder of the parcels were specifically devised to named individuals surviving the husband, all of whom survived him.
The testatrix also provided that her husband’s funeral expenses as well as her own were to be paid by the remainder-men. The court construes the provision relating to funeral expenses as affecting a charge upon the realty, which is pro-ratable upon the basis of the net proceeds to be derived from the sale of each parcel. The funeral expenses of testatrix were primarily required to be paid by the executor but in the absence of personal assets in his hands they were paid by the husband. The latter’s estate is entitled to repayment with legal interest from the date of payment. The remaindermen however are entitled to interpose any objections they may be advised with respect to the reasonableness of the amount so expended.
The husband’s act in electing to take against-the will necessarily results in a diminution of the value of the remainder passing to the remaindermen, a result not within the contemplation of the testatrix. The provisions requiring the remainder- *204 men to pay the husband’s funeral expenses redound to the benefit of the husband’s estate, and is in the nature of a legacy to him. The reasonable value of such expenses would properly be considered in determining the amount to be paid to the husband outright as a result of his election (Decedent Estate Law, § 18, subd. 1, par. [f]).
The minimum cash benefits payable to a surviving spouse under the provisions of section 18 of the Decedent Estate Law are payable to the spouse as soon as conditions warrant. Hence, the amount of the husband’s funeral expenses is not deductible from the $2,500 to be paid to his estate. The election to take against the will, by the husband, however, deprives his estate of the right to be reimbursed for his funeral expenses from the estate realty or by the remaindermen thereof, as such action upon the husband’s part brings into existence the application of principles governing equitable elections (cf. Beetson v. Stoops, 186 N. Y. 456; Havens v. Sackett & Havens, 15 N. Y. 365; Matter of Ballard, 194 App. Div. 106; Matter of Furno, 199 Misc. 273, 277; Matter of Gingold, 116 N. Y. S. 2d 868, 869). The will is so construed.
Settle decree on notice.