**Marvin A. STEIN, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**No. 59 C 41(2).**

United States District Court
E. D. Missouri, E. D.

Oct. 9, 1959.

Melvin L. Newmark, St. Louis, Mo., for plaintiff.

W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HARPER, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, as amended (hereinafter referred to as "the Act"), 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare.

Both parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Joseph Walash, the deceased wage earner, was a patient at the Jewish Hospital in St. Louis, Missouri, and at the time of his death on April 3, 1957, he was receiving old age insurance benefits. It appears that he died without relatives or close friends. The plaintiff, Marvin A. Stein, is the president of Berger Memorial Funeral Directors. The deceased's funeral was arranged through Berger Memorial. A receipt from Berger Memorial, signed by Mr. Stein, was before the referee. It showed payment had been received by the Memorial in the amount of $517 "To Funeral Expenses of Joseph Walash." The plaintiff alleges that only $338.31 was paid to Berger Memorial for the funeral and that the remainder was supplied by them. Reimbursement is claimed under Section 202(i) of the Act relating to lump sum death payments. 42 U.S.C.A. § 402(i).

The plaintiff advanced two possible theories of recovery before the referee. First, he contended that under Section 202(i) the Berger Memorial (or himself as agent therefor) is a person "equitably entitled" to the sum to the extent they paid the burial expenses of the deceased. Section 202(i) of the Act, 42 U.S.C.A. § 402(i), reads in relevant part as follows:

"(i) Upon the death, after August, 1950, of an individual who died a fully or currently insured individual, an amount equal to three times such individual's primary insurance amount, or an amount equal to $255, whichever is the smaller, shall be paid in a lump sum to the person if any, determined by the Secretary to be the widow or widower of the deceased and to have been living \* \* \* with the deceased at the time of death. If there is no such person, or if such person dies before receiving payment, then such amount shall be paid to any person or persons, equitably entitled thereto, to the extent and in the proportions that he or they shall have paid the expenses of burial of such insured individual."

Social Security Administration Regulations No. 4, Section 404.340 (20 CFR 404.340), provides in relevant part as follows:

"§ 404.340. Lump-sum death payments; to persons equitably entitled. (a) *When payment is made to persons equitably entitled.*—If there is no widow or widower meeting the requirements of § 404.339, or if such person dies before receiving payment of the lump sum, such lump sum will be payable to any person or persons, equitably entitled thereto, upon filing application in accordance with § 404.338, to the extent and in the proportions that he or they shall have paid the burial expenses of the deceased insured individual. The term 'person or persons equitably entitled' shall include, among others \* \* \*

"(2) A funeral director furnishing goods or services for the burial of any of the following categories of relatives (including relatives by adoption): spouse, child, stepchild, grandchild, parent, step parent, grandparent, brother, sister, and any other relative (by blood, marriage, or adoption) living in the same household with the funeral director at the time of death, but only to the extent of the cost of such goods or the actual expenditures from his own funds for the services specifically purchased for such burial. * * *

"(b) *When person is not equitably entitled.* The term 'person or persons equitably entitled' does not include, among others, any of the following * * *

"(4) Any person, other than a person specified in paragraph (a) (1) and (2) of this section, furnishing goods or services in connection with the burial of the deceased, to the extent that goods or services are furnished."

The plaintiff did not question the validity of the regulations but questioned their applicability to him. The referee concluded that Section 404.340(b) (4) eliminated a funeral director from being a person "equitably entitled" unless he met the qualifications enunciated in Section 404.340(a) (2). The plaintiff here admittedly is not related to the deceased as set out in 404.340(a) (2). The plaintiff has cited no authority contrary to the determination of the referee and I have found none. Nor has plaintiff pointed to any authority for his proposition that the clear meaning and intention of the Act and the intention of Congress was to provide to the extent possible, for a decent burial of a deceased wage earner. As the defendant points out, the lump sum death payment is payable to a widow or widower in certain cases without regard to whether they paid any of the burial expenses. In Dowell v. Folsom, D.C.Mont.1957, 157 F.Supp. 46, 51, the court stated:

"An administrative regulation promulgated within the authority granted by statute has the force of law and must be given full effect by the courts. United States v. Short, 9 Cir., 1956, 240 F.2d 292, 298, and cases there cited. The administrative interpretation of the act is controlling unless it is plainly erroneous or inconsistent with the regulations. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700." (loc.cit. 51)

The referee's determination that the applicable statute and regulations preclude the plaintiff's recovery is not plainly erroneous or inconsistent with the Act.

The plaintiff's second contention (which is the only contention advanced in support of plaintiff's cross motion for summary judgment) is, that under Section 404.341(a) of Regulations No. 4 issued under Title II of the Act as amended March 3, 1955, the estate of the deceased is entitled to the lump sum payment and that by virtue of an order of the Probate Court of the City of St. Louis refusing Letters of Administration to a creditor, plaintiff is entitled to collect and sue for property belonging to the estate. The Probate Court order shows the deceased died intestate and that his estate consisted of "Social Security due approximating $100.00."

The Regulation relied on provides as follows:

"§ 404.341. Lump-sum death payments; method of payment to equitably entitled estates. (a) *Payment to legal representative.* Where an estate is a 'person equitably entitled,' payment will be made to the legal representative of such estate.

The plaintiff fails to realize that the *estate* of the deceased person must be the "person equitably entitled" to receive the lump sum before the administrator may have the sum paid to him. The referee found, and the evidence clearly supports his finding, that the *estate* of the deceased had not paid

4

any part of the funeral expenses. The receipt for the $517 is dated February 1, 1957, over two months before Walash died. The letter from the Jewish Hospital notifying the Treasury Department of Walash's death stated the funeral had been prepaid and pre-arranged. Finally, the plaintiff's application in the Probate Court shows that there were no funds in the estate from which it could have paid the expenses of burial. The finding that the estate paid no part of the funeral expenses, being supported by substantial evidence, is binding on this court. Social Security Board v. Warren, 8 Cir., 142 F.2d 974.

Accordingly, defendant's motion for summary judgment will be granted and plaintiff's motion for summary judgment will be denied.