Chbistophee C. McGeath, S.
The testator, in his will executed in 1953, created a trust for the benefit of his widow and provided that his trustees shall have the power “ (e) To purchase investments at a uremium and to charge the premium over to principal or income, or partly to principal and partly to income, as they shall deem best; ”.
The widow asserts that by reason of this power, she has a right under section 18 of the Decedent Estate Law to elect to take against the will and to take her share as in intestacy.
Prior to the enactment of section 17-d of the Personal Property Law it was settled in this State by the decision of the Court of Appeals in Matter of Stevens (187 N. Y. 471) that in the absence of clear directions to the contrary by the testator where *978 bonds were purchased at a premium, the premium must be amortized by deductions from income because “ the principal must be maintained intact from loss by payment of premium on securities having only a definite term to run 77 (p. 477).
In 1942, this rule of trust administration was modified by the enactment of section 17-d of the Personal Property Law which, among other things, abolished the requirement of amortization of premiums, “ Unless otherwise provided by the terms of the trust.7 7
The testator herein, having “otherwise provided77, as permitted by statute, the court holds that the power quoted above is not such a grant as authorizes an election against the will.