S. Samuel Di Falco, S.
The will, as modified by the codicil, bequeaths to the daughter of the testatrix tangible personal *207 property and two thirds of all of the residue of the estate. The other one third of the residue is set up in trust for a grandchild, the issue of a deceased son. The daughter is the sole executrix. The daughter and a corporate fiduciary are the trustees of the trust for the grandchild. The special guardian of the trust beneficiary objects to distributions made by the executrix to herself.
Distributions of the assets were made equitably as between the two residuary interests. Every time the trustees received a sum of money, the daughter received securities which had a value at the time of distribution of twice the sum transferred to the trust, her interest being twice that of the trustees. The objection of the special guardian is not addressed to the valuation of the securities at the time, but are a challenge to the distributions as matter of law on the ground that, first, distributions may not lawfully be made within the period of seven months after issuance of letters, and, secondly, that, in the absence of specific authority in the will or in a decree on accounting, an executor has no authority to distribute securities but may distribute only cash. He alleges that the securities distributed by the executrix to herself have increased in value since the date of distribution, that the distributions being unauthorized, must be revised and adjusted and that the court must direct a redistribution in the decree to be entered herein.
Distributions were made in cash to the trustees at the request of the corporate trustee so that investment could be made in its common trust fund. The trust assets have been so invested. The distributions in kind to the daughter were made with the approval of the corporate trustee, whose officers carefully checked the distribution values. In the first distribution, the corporate trustee discovered that by using the mean price for the day instead of the closing price, an over-all increase in value would result, and it requested her to use the higher value. She consented. The securities transferred to her were traded on the open market and their value was readily ascertainable from the published quotations.
There is no injury to any legatee by distributions within the seven-month period as long as all are treated equitably. The special guardian does not complain of the distribution to the infant on the same day as the distribution was made to the daughter, nor does he suggest that the trustees account for any profit made during that period. Section 218 of the Surrogate ’.s Court Act read in conjunction with section 208, is for the protection of those persons who have claims against the estate for debts, taxes and expenses. An executor who pays legacies *208 within that period cannot be credited with such distributions as a defense against a valid claim brought to his notice within the seven-month period. Where, as in this estate, the testatrix had no substantial obligations, and all claims were satisfied or provided for, the executrix committed no wrongful act in distributing equitably to the legatees.
The will does not explicitly authorize distribution of assets in kind. It divides the estate into shares, bequeaths the shares to the respective beneficiaries and authorizes retention of investments by the trustees. There is thus some basis for implying authority to retain securities and distribute them in kind. However, even if the will lacks any such grant of authority, the distributions herein were not improper. Section 268 of the Surrogate’s Court Act specifies the circumstances under which the court may direct an executor to make distribution in kind. The first two subdivisions deal with distributions on consent. Any party may consent to take securities at prices to be appraised on the basis of- published reports of market quotations or all parties may consent to distributions in kind. Independently of the court’s power to direct distribution on an accounting, distributions in kind have always been recognized when a sale is not necessary for the purpose of paying debts and expenses, where the interested parties consent to such a distribution and where the rights of all parties are equitably adjusted. (34 C. J. S., Executors and Administrators, § 493; see, also, Restatement, Trusts, § 347; 3 Scott, Trusts [2d ed.], § 347.4.) In the pending case distribution was made with the consent of the corporate trustee. The trustee, for a good reason, requested that cash be distributed to the trust. The executrix could have sold- all property and distributed the cash proceeds to herself and in that case the estate would have been diminished by the brokers’ commissions. By consent, she took securities at the appraised price. The trust estate was not injured by her action. The objections of the special guardian are overruled.
It is agreed that a reallocation of estate taxes is required because of the failure to include certain property and that Schedule J will accordingly be amended. There appears to be no objection to the transfer from Schedule A-l to Schedule B of the capital loss.
The special guardian reports that there is an ambiguity in the will respecting disposition of income during the infant’s majority, but he fails to indicate clearly the manner in which he believes the will should be construed. Paragraph fifth of the will authorizes the trustees to “ apply or pay” income to *209 the grandson’s use. Paragraph seventh directs that payments are to be made to the beneficiary, “ or during his infancy, to his general guardian, if any”, free from any assignment, attachment or pledge. There might thus appear to be a basis for different interpretations of the will in respect of the trustees ’ power to apply income directly to the use of the infant if there were no general guardian or if the trustees so determined, whether or not there was a general guardian. However, the infant’s mother has been appointed general guardian and the trustees have been maldng payments to her for the benefit of the infant. The trustees had made a determination to make all payments to the general guardian. The wfill authorizes them to pay the sums to the general guardian. The special guardian does not object to such payments. There seems to the court no present necessity to construe the will.