William J. Regan, S.
The residuary legatees in this estate, Domenica Di Nezzo, a sister, and Maria Brunetti, a niece 18 years of age, both nationals of Italy, by the Italian Consul and by the attorney in fact of Domenica Di Nezzo, have filed objections to that portion of the account which lists the funeral bill *238 at $4,253.25 and the sum of $145 for a funeral reception, on the ground that such expenditures were excessive, unreasonable and improper. The special guardian has likewise made objection to the funeral bill.
Testimony by the executor explained the reason for the funeral reception at a restaurant and from this court’s experience the sum of $145 for a funeral reception is not unusual nor excessive and this objection is overruled.
It is not unusual for a testator, without the proximity of close relatives, to concern himself with his inevitable funeral and this final act of the use of his savings. Of course, the best method of providing therefor would be by his will. Although in this case the testator’s will makes no provision for the type of funeral, there is abundant proof to the effect that he stated to the executor and others that he desired a “bronze box * * * a good funeral.”
In complying with testator’s expressed wishes, nevertheless the executor has some duty to conserve the assets of the estate. His attitude herein was one of apparent abandon and he stated he merely “ left everything up to the funeral director.” The court believes that an executor should conduct himself in the performance of his duties as a careful reasonable businessman and conserve the assets wherever possible.
The funeral bill, as incurred by the order of the executor, has been paid and the court believes there is no reason for any recourse against the undertaker. Upon the hearing the court heard testimony by Donald Doino, the funeral director, that there had been a discount on the funeral bill so that the actual sum involved is $4,153.25.
The court will decide that the decedent was entitled to a bronze casket, pursuant to express wishes, hut there does appear to be reason to believe that at least the nominal amount of $500 could be saved in connection with the funeral bill, had the executor taken the proper businesslike course. Therefore, the court will surcharge the executor to the extent -of $500, to be deducted from his commissions.
With respect to the distribution of funds, and the transmission thereof, the court will direct that that portion payable to Domenica Di Nezzo be paid to the Consul General of Italy, to whom a power of attorney was given.
With respect to the share of Maria Brunetti, the infant, the court is more concerned. Counsel, in his memorandum, states “ that the Consul General, in transmitting funds received in behalf of a minor, always sends such funds through official governmental channels to the office of the State Attorney in the *239 locality where the infant resides.” He also states that there are assurances that the infant’s funds will be protected.
The court agrees that the policy which underlies the transmission of such funds is in accord with section 425 of the Personal Property Law which authorizes payment to a domiciliary guardian. This is precisely what this court intends to do and will direct payment of the distributive share of Maria Brunetti to a domiciliary guardian duly appointed and so proven to this court. Upon authenticated proof as to the establishment of a domiciliary guardianship such infant’s funds may be transmitted to said guardian. In connection with the proof of the appointment of the domiciliary guardian this court will require information as to the procedure involved therein, as well as the bond or other safeguards set out in the domiciliary guardianship.