Edward S. Silver, J.
This is a proceeding to construe article Sixth of testator’s will which was admitted to probate on March 9,1961. By said article testator bequeathed his residuary estate in trust, to invest and reinvest ‘ ‘ and to pay to my beloved wife * * * so much of the income therefrom as she may require for her proper maintenance and support during her lifetime. It is my purpose and intent that my said beloved wife * * * shall at all times have sufficient income paid to her regularly so that she may properly maintain herself in comfort.” Testator then directed his trustees “ to resort to the principal of the trust ’ ’ should the income be less than $6,000 per year or in the event his said wife “ shall because of her personal health require hospitalization or medical care so that the $6,000 per annum is not sufficient to support her.” Said article Sixth then concludes as follows: “ This provision for the benefit of my said beloved wife * * # is made and intended to be in lieu of any statutory or other rights in my estate conferred upon her by the laws of the State of New York. In the event that my said beloved wife * * * shall be dissatisfied with the provision made for her hereunder and seek to contest this will, or refuse to accept the provision made hereunder under her statutory rights, in such event she shall be entitled to her statutory share of my estate and to no more, which statutory share of my estate is to be received by her in lieu of the provision made hereunder. ’ ’
On May 12, 1966 testator’s wife served a “ notice ” upon the executors herein wherein she states among other things that she is “ dissatisfied with the provisions made for me therein (in Article Sixth) and refuse to accept same, and demand that I be paid in lieu thereof an amount equal to a statutory share, in an amount equal to one-third of the net estate * * * together with such amount and property to which I am entitled under section 200 of the Surrogate’s Court Act.”
Between the date when letters testamentary were issued to testator’s wife, son and daughter, the petitioners herein, and the time when the above “notice ” was served and filed herein, no other election was made by testator’s wife, the trust mentioned in article Sixth has not been established, and the executors have not rendered an account herein. The problem propounded *478 concerns the interpretation of article Sixth of testator's will and whether it was testator’s intention to give his wife a choice of accepting the-benefits of the trust provision in said article Sixth or, if she was “dissatisfied” with said provision “or refuse(s) to accept ” same, to demand that she be paid outright an ámorínt equal to her iútéstate share of the éstate. The petitioners contend that the latter interpretation is the correct one and pray that the court so construe the will. There is no opposition to this application.
The decisions uniformly -hold that each will construction depends upon the language of the will itself, with the surrounding circumstances, and it to be decided in accordance with the intentions of the testator, giving weight to the language of the entire will. It appears that at the timé of his death testator was possessed of substantial stock and bond holdings which passed to his son and daughter under the provisions of article Fifth of his will and that there remained no residuary estate with which to establish the trust testator clearly wanted created to provide “ for her (his wife’s) proper maintenance and support during her lifetime”. Testator further set forth that “ it is my purpose and intent that my said beloved wife * * *
shall have sufficient income paid to her regularly so that she may properly maintain herself in comfort” indicating that she was clearly the primary object of his bounty. And when he provided that if his wife is ‘1 dissatisfied with the provision made for her hereunder ” or “ refuses to accept the provision made hereunder” she shall'be entitled to her “ statutory share of my estate ” he intended to give his wife a choice to take the benefits of the trust provision or her intestate share (Matter of Golder, 30 Hun 441; Matter of Owens, 186 Misc. 777; Matter of Gahan, 276 App. Div. 647; Ann. 36 ALR 2d 151, 168; cf. Beetson v. Stoops, 186 N. Y. 456; Havens v. Sackett & Havens, 15 N. Y. 365; Matter of Ballard, 194 App. Div. 106 ; Matter of Smith 150 Misc. 367; Ann. 110 A. L. R. 1317), and she was not required to servé and file a notice of election therefor under section 18 of the Decedent Estate Law. (Matter of Willoughby, 45 N. Y. S. 2d 177, affd. 268 App. Div. 1046; Matter of Collins, 13 NY 2d 194.)
The court is of the opinion that the failure of the widow to sooner make her choice under the terms of the will does not prevent her from now doing so (Oliver v. Wells, 254 N. Y. 451, 459). The court, therefore, determines that the widow is entitled to receive an amount equal to her intestate share of the net estate in accordance with the demand contained in her notice served as aforesaid upon the executors on May 12,1966.