Samuel J. Silverman, S.
This is a proceeding by testator’s widow to determine the validity of her election under EPTL 5-1.1 to take her elective share of testator’s estate.
The will was executed in 1965. Accordingly, the substantive rights of the parties are governed by subdivision (a) of EPTL 5-1.1.
Although at least one provision of the will gives the widow a trust interest in the estate that, on its face, would appear to be sufficient to defeat her right of election, the widow contends that she is entitled to elect to take against the will because this is only an alternative provision which she deems only conditional, and because of certain administrative provisions of the will.
A. THE ALTERNATIVE PROVISIONS
Article Fifth of the will provides alternative provisions for the widow’s benefit. The first alternative gives her $250,000 in tax-exempt bonds, gives her son by her prior marriage $50,000, and makes a gift in trust of an amount which will produce $50,000 per year in net income exempt from New York and Federal income taxes, directing the trustees to pay or apply all of the income from the trust to or for the widow’s benefit for life together with a discretionary right in the trustees to *319 invade principal to meet emergency needs of the wife or other unusual or extraordinary circumstances. All estate taxes would be borne by the residuary estate. The will provides that the election by the wife to accept the first alternative would constitute a waiver by her of her rights under sections 17 and 18 of the then Decedent Estate Law, i.e., her right of election to take against the will as well as her right to object to the charitable bequests.
The second alternative is obviously an attempt to comply with what is now EPTL 5-1.1 (subd. [a], par. [1], subpar. [D]) which, in essence, provides that where the will contains an absolute disposition to the widow of $2,500 and a trust with income payable to her for life of an amount equal to or greater than the difference between the absolute disposition and the elective share, the surviving spouse has no right of election. Thus, the second alternative gives the widow the sum of $2,500 outright and creates a trust of one half of the net estate after deduction of debts, funeral and administration expenses, the income from the trust to be payable to the widow for life.
The will gives the widow the choice of which of the two alternatives she wishes to elect. The mechanics of the election are stated to be that the widow shall be conclusively deemed to have elected the first alternative unless within six months of the date of testator’s death she delivers to the legal representatives of the estate a written election to accept the benefits of the second alternative.
The widow contends that this makes the gift of the second alternative conditional and therefore not a compliance with EPTL 5-1.1 (subd. [a], par. [l],subpar. [D]) and that therefore she is entitled to elect to take against the will.
I have recently had occasion to state what I think should be a basic premise in proceedings where the surviving spouse claims that she has a right of election to take against the will: “ The statute gives both a decedent and his surviving spouse certain substantial rights. To the decedent, it gives the right to arrange his estate so as to devote one third [here one half] of his estate to the support of the surviving spouse, of which $2,500 shall be in cash and the balance may be held in trust to pay the income to the surviving spouse for life. To the surviving spouse, the statute gives the right in certain circumstances to receive one third [here one half] of the estate outright or in trust. Neither of these provisions should be defeated by technical interpretations or traps.” (Matter of Jaffer, 58 Misc 2d 948, 950,)
*320 I think this is the basic teaching of the much discussed case of Matter of Baileson (16 N Y 2d 757). Relying on the Baileson case, the Appellate Division for this Department has recently said: 1 ‘ Minor deviations from the right of election statutes
or minimal invasions of the trust income do not give the surviving spouse an absolute right of election contrary to the intention of the decedent spouse.” (Matter of Brettschneider, 30 A D 2d 59, 60 [1st Dept., 1968].)
The first alternative gives the widow very substantial rights. In given circumstances it might well be that a widow might prefer $250,000 outfight plus $50,000 to her son plus $50,000 annual tax-exempt income (as provided in the first alternative), all free of estate taxes, rather than $2,500 outright and the income of a trust of one half of the net estate for her life (as provided in the second alternative), subject to estate and income taxes.
If we assume that the second alternative, standing alone, is sufficient so that the widow would have no right to elect to take against it, and if having given her that, the will then went on to .say that if the widow preferred she could take the first alternative, that would surely be not a cutting down of her rights but rather an increase. Instead of having only the provision of the second alternative in accordance with EPTL 5-1.1 (subd. [a], par. [1], subpar. [D]), she would now have the additional right .to choose between that and the first alternative. And if the will said that the widow should be deemed to have elected the second alternative unless within six months she wrote the executors saying that she wanted to take the first alternative, it would be clear that she would have no right of election.
I cannot believe that the right of election, can turn on the mechanical detail of whether the letter is required if the widow wants the second alternative or whether it is required if she wants the first alternative. Either way she has the free choice of the two alternatives, with no burden other than to say what she wants. If this is a deviation from the right of election statute, it surely comes within the class of ‘1 minor deviations from the right of election statutes” which “ do not give the surviving spouse an absolute right of election contrary to the intention of the decedent spouse.” (Matter of Brettschneider, 30 A D 2d 59, supra.)
In Matter of Williamson (N. Y. L. J., Jan. 23, 1942, p. 347, col. 6) 'Surrogate Foley of this court held that a widow did not have a right to elect to take against a will where' the wjll contained an alternative provision establishing a trust for the widow’s benefit in the amount of her elective share in the event *321 that the widow should “elect or attempt to elect” to take against the provisions of the will.
Cases like Matter of Filor (267 App. Div. 269, affd. 293 N. Y. 699) and Matter of Richmond (276 App. Div. 271 [4th Dept., 1950]) where the condition of the widow’s right to the trust was a burdensome one — that the widow must be successful in a litigation before she would be entitled to the benefits of the trust provision of the will — are inapplicable. Here, the only condition on the widow’s right to the benefits of the trust of one half of the net estate is merely to say that she wants it. (Cf. Matter of Richmond, supra, p. 275, distinguishing Matter of Williamson, supra; Matter of Eddy, 258 App. Div. 860, affd. 283 N. Y. 556).
In fact, the widow in the present case, without waiving her right of election, has said which of the two alternatives she prefers: the second alternative. It is, therefore, unnecessary to consider whether, if the widow had not elected the second alternative, she might be permitted to take it even after the expiration of the six months. (Cf. Matter of Flyer, 53 Misc 2d 476.)
B. CLAIMED INSUFFICIENCY OP SECOND ALTERNATIVE
The widow also contends that for various reasons the second alternative, even standing alone unconditionally, would be insufficient to bar her right of election.
1. The will directs that in the event that the wife elects the second alternative, all inheritance and estate taxes shall be apportioned in accordance with the statute except that certain pecuniary legacies (not including any to the widow) shall not bear estate taxes, the estate taxes thereon to be paid from the residuary estate. The widow’s trust is not a part of the residuary. The residuary all goes to charities.
The widow contends that the result of this is that the bequest to charities is less than it would have been if the pecuniary legacies were not exempted from estate taxes and thus the charitable deduction is less and the total estate tax more, and her allocable share more.
There was no obligation on the testator to leave any part of his estate to charity, and in that event the taxes would have been even more and the widow’s share of taxes more and she would have no right to complain. Or, alternatively, the testator could have increased the amount of the pecuniary legacies sufficiently so that after estate taxes the net amount would be what the will now provides, and the widow would have no right to *322 complain. It remains true that the provision for the widow bears no more than its fair share of the estate taxes. Therefore, this provision does not give the widow a right of election. (Matter of Campbell, 4 Misc 2d 331.)
2. The remaining provisions objected to are for the most part of the type as to which the Surrogate has power to make appropriate directions for the protection of the surviving spouse, but which do not give rise to a right of election. These provisions cover such things as the discretion of the executor to amortize bond premiums out of income, the direction that pecuniary legacies and bequests be paid as soon as possible, and that the executors can travel to Europe if they deem it necessary. EPTL 5-1.1 (subd. [a], par. [1], subpar. [H]) specifies certain powers in a fiduciary, the grant of which in a will do not give the surviving spouse an absolute right to take her elective share, but the 'Surrogate’s Court, “ notwithstanding the terms of the will ’ ’ may in its discretion make appropriate directions for the protection of the surviving spouse. It is well established, however, that the power of the Surrogate’s Court is not limited to those powers specifically enumerated in the statute. The power of the Surrogate is one of general equitable supervision to assure both the testamentary scheme proposed by the decedent and the fair participation of the spouse. (Matter of Bauer, 54 Misc 2d 1060, 1062; Amend, The Surviving Spouse and the Estates, Powers and Trusts Law, 33 Brooklyn L. Rev. 530; Third Report of Temporary Comm. of Law on Estates; N. Y. Legis. Doc., 1964, No. 19, p. 217; Matter of Clark, 275 N. Y. 1, 5.)
The contentions of the widow with respect to these powers must fail for the following additional reasons:
3. The will authorizes the trustees in their discretion to amortize bond premiums out of income. Such a provision does not give the widow a right of election. (Matter of Pasnik, 28 Misc 2d 977.) It is true that the Principal and Income Act now provides that, in the absence of a provision in the will to the contrary, there shall be no amortization of bond premiums out of income except with respect to bonds acquired prior to June 1, 1965 in trusts created by instruments executed before September 1, 1942. (EPTL 11-2.1, subd. [f], par. [1].) Despite some changes in detail, the present statute is substantially the same for our purposes as its predecessor, section 17-d of the Personal Property Law which Surrogate McGrath considered in the Pasnik case. As he there pointed out, Personal Property Law, section 17-d, was only applicable “ Unless otherwise provided by the terms of the trust ’ ’ and the testator had otherwise *323 provided. The Principal and Income Act is equally applicable only ‘1 in the absence of any contrary terms of the trust instrument”. (EPTL 11-2.1, subd. [a], par. [1].) In Matter of Jaffer (58 Misc 2d 948, supra) I have stated my reasons for my view, that the Principal and Income Act was not intended to effect a change in the surviving spouse’s right of election but was rather an effort to lay down rules for the division of distributions between principal and income where the will was ambiguous or silent.
One other observation is perhaps appropriate here. The provision with respect to amortization of bond premiums is one of 15 subparagraphs of article Tenth, the powers clause. It is a portion of the will which the testator at least and sometimes the lawyer probably pays less critical attention to than to the dispositive provisions of the will. It is perhaps in the nature of ‘ ‘ boiler plate ’ ’ carried forward with minor changes from one will to another in a lawyer’s office. I think we must be wary not to permit the testamentary plans of laymen to be thwarted by this kind of working habits or inertia of the legal profession.
4. The will instructs the executors to pay bequests and legacies and set up trusts as soon as practicable. In fact some legacies were paid before the seven-month period for submission of creditors ’ claims had expired. The widow points out that if the executors had not paid these legacies until the expiration of the seven-month period, she would have been entitled to share in the income from such sums during the seven-month period.
But this would only be a fortuitous result of the delay in payment. The statute says that subject to his duty to retain sufficient assets to pay administration expenses, debts and taxes, a personal representative may but shall not be required to pay testamentary dispositions before the expiration of the seven-month period. (EPTL 11-1.5, subd. [a].) Thus, in this respect, the will adds nothing to the powers that the executors would have under the statute anyhow. The purpose of this provision permitting the executor to withhold the legacies for seven months is not to give the trust or residuary beneficiaries the benefit of income on pecuniary legacies but merely to protect creditors. (Matter of Hostin, 33 Misc 2d 206, 207.) Indeed, the will does not direct the executors to make payments before the expiration of the seven-month period. The direction to the executors is merely an instruction to be expeditious, again a duty that the executor would presumably have even without the statute.
*324 5. The widow contends that the differences between the simultaneous death clause in the will and that contained in EPTL 2-1.6 gives her a right of election. Considering a clause very close to this, Surrogate DiFalco held that the widow did not have a right of election. (Matter of Roland, 40 Misc 2d 1018, 1019). I agree.
The court holds that the widow does not have a right of election to take against the will and she is entitled to the benefits of the second alternative.
The interested parties have stipulated that the court would in the first instance determine the validity of the election and hold in abeyance all questions relating to the determination of the validity, construction and effect of the disposition of property contained in subparagraph C of the second alternative insofar as the same relate to charitable dispositions and the applicability of section 17 of the Decedent Estate Law. In accordance with that stipulation any further memoranda should be filed within 60 days. An intermediate order in respect of the validity of election may be entered if so desired.