Jesse M. Eisen, J.
Pursuant to the provisions of CPL 270.10, prior to the selection of the jury, the defendant in writing challenged the entire panel of jurors for his then pending trial upon various misdemeanor charges. The challenge was based upon .constitutional grounds to the effect that the panel was composed solely of individuals over 21 years of age, and that persons between 18 years and 21 years had been systematically excluded. It is noted that the Judiciary Law had been amended effective September 1, 1974 qualifying individuals between 18 years and 21 years to sit as jurors. (L. 1974, ch. 890.)
In substance, the defendant, now 18 years of ager stated that the exclusion of the 18-year to 21-year-old age group from the panel, after eligibility under the law, denied him his right to a trial by his peers and due process of law. The People submitted an affidavit in opposition thus requiring a hearing before the court for determination of all of the issues of law and fact.
The First Deputy 'Commissioner of Jurors of Westchester County testified as to the process for the establishment of the over-all jury list. He stated that the Westchester County list of qualified jurors, comprising approximately 150,000 names, *332 is prepared by Ms office, and that pursuant to section 657 of the Judiciary Law, each city or town incMding Yonkers is furnished on or before December 31, of each year, for use during the ensuing 12 months, a roster of the names of qualifying jurors resident in the city or town. He indicated that on or near December 31,1973 such ,a list was furnished to the City of Yonkers for the jury requirements for the year 1974. ,Up to September 1, 1974 the minimum age requirement to qualify as a juror was 21 years, so that prior to that date no person under 21 years was placed on the county jury list. The witness added that the various sources of names suggested in section 658 of the Judiciary Law are used regularly to create the master list and that voters’ registry lists are a primary source for names to be placed on jury rosters. He further testified that after the voting tage limit ¡was legally reduced to 18 ¡years, some few years ago, names of persons between 18 years and 21 years found on the voting lists were collated and held in abeyance in his office for future use, in the event that the juror’s qualification age was reduced by law. When the statute lowering the minimum age for jury duty became effective on September 1, 1974, the office of 'the Westchester County Commissioner of Jurors immediately began to integrate the collated names of the 18-year-olds to 21-year-olds onto its master list. The First Deputy Commissioner of Jurors stated that based upon information' submitted to him, there are approximately 2,000 eligible 18-year-olds to 21-year-olds now entered on this list. He also stated that throughout the year, the commissioner’s ¡office attempts to reach all qualified jurors not on the list for the purpose of adding them .thereto so that the over-all roster is constantly growing and broadening.
The Jury Clerk of the City Court of Yonkers testified that on or about the first of each year, she receives the list of qualified Yonkers ¡jurors prepared by the Westchester County Commissioner of Jurors, and that the ballots of names for the Yonkers City are made up from this list. That the latter is the sole source of the panel of jurors for the year. Further, that she received the present panel on roster at the beginning of 1974.
The defendant contends that the selective process used to choose the available panel of jurors scheduled to try him op the ¡misdemeanor charges is unconstitutional. It is conceded that the 18-year-old to 21-year-old age group first became eligible to serve on juries on September 1, 1974. The statutory change in age reqMrement was enacted as part of a legislative package of bills reducing the age of majority from 21 years to *333 18 years throughout the structure of laws of the State of New York.
The preparation of the jury list by the Westchester County Commission of Jurors prior to December 31,1973 for use during 1974 followed the procedure and requirements set forth in the Judiciary Law, and pursuant thereto appropriate names were forwarded to the City of Yonkers for its use. The Justices of the Appellate Division did not direct any further or different submission of juror names for transmittal to each city or town during the year 1974 as they might have done under statute. (Judiciary Law §§ 65-6, 657.) There was no deliberate exclusion of eligibles in the preparation of the Westchester County master list which admittedly is the sole source of the panel of the jurors used by the City Court of Yonkers during the year 1974.
The fact that the jury empaneled to try this defendant did not contain jurors of the age group of the defendant was not proven to be constitutionally prejudicial to him, nor has any evidence been submitted by him of a probability of unfairness in the prospective actions by this panel. It is not violative of the Constitution for a defendant under 21 years of age to be indicted or tried by a jury selected from persons over 21 years of age. (see People v. Veralli, 61 Misc 2d 321.)
The defendant is entitled to be tried by a jury which is not the product of systematic or deliberate or arbitrary discrimination or exclusion with respect to the compilation of the general list from which the jurors are drawn. (See People v. Chestnut, 26 N Y 2d 481.)
The defendant has failed to demonstrate a purposeful pattern of discrimination in the selection of the challenged panel or of its source. (See People v. Agron, 10 N Y 2d 130, 141.) The testimony confirmed that the Westchester County master jury list, which contributed all the names to the Yonkers City Court panel, was drawn from a cross section of the population. (See Carter v. Jury Comm. of Greene County, 396 U. S. 320.)
The fact that the State amended the Judiciary Law and reduced the age qualification for jurors effective September 1, 1974 did not mandate that these newly qualified jurors must be included immediately in the panel used in the City Court of Yonkers. This court, during 1974, employed the list of names given to it under the provisions of the Judiciary Law. The Westchester County Commissioner of Jurors’ master list is an evolving updated one, and after September 1, 1974 contains the names of eligible 18-year-olds to 21-year-olds -as incorporated *334 into the over-all roster, and these eligibles will be on future submitted panels.
The United States Supreme Court very recently stated in Hamling v. United States (418 U. S. 87, 136-138), in treating with the defendant’s contention that the trial jury was improperly constituted because young adults between the ages of 18 and 24 years were systematically excluded as the result of .the master jury wheel being emptied and refilled only at specified intervals not to exceed four years, and that it had been slightly less than four years since the jury wheel had been filled. “ Unless we were to require the daily refilling of the jury wheel, Congress may necessarily conclude that some periodic delay in updating the wheel is reasonable to permit the orderly administration of justice. Invariably of course, as time goes on, the jury wheel will be more and more out of date, especially near the end of the statutorily prescribed time period for updating the wheel. But, if the jury wheel is not discriminatory when completely updated at the time of each refilling, a prohibited ‘ purposeful discrimination ’ does not arise near the end of the period simply because the young and other persons have belatedly become eligible for jury service- by becoming registered voters.” (Citing cases.)
In total, the proof has not established an invidious discrimination against this defendant. (Cf. Alexander v. Louisiana, 405 U. S. 625.) He has not borne the burden of demonstrating that he has been constitutionally deprived of his rights, nor has he shown any substantial prejudice in the drawing and return of the panel of jurors. Therefore, the challenge to the panel is disallowed.