OPINION OF THE COURT
Bernard M. Bloom, S.
In this proceeding to judicially settle the account of the executrix, objections were filed by decedent’s surviving spouse, John Kircher.
The objection interposed under item number two relates to the estate’s failure to reimburse objectant for his undisputed payment of decedent’s funeral expenses and a luncheon immediately following the burial. SCPA 1811 (subd 1) provides that “[t]he reasonable funeral expenses of *398 the decedent subject to the payment of expenses of administration shall be preferred to all debts and claims against his estate and shall be paid out of the first moneys received by the fiduciary.” Absent an express or implied contract the primary obligation for the payment of reasonable funeral expenses is upon the estate of the decedent (Riverside Mem. Chapel v Albert, 76 Misc 2d 1070; Jaudon v White, 60 Misc 2d 86). As the surviving husband, objectant had a legal obligation to bury his deceased wife, but having provided for her sepulture he is entitled to be reimbursed . for the reasonable expenses he incurred from the estate, if any, of his deceased spouse (Patterson v Patterson, 59 NY 574; Matter of Stadtmuller, 110 App Div 76; Matter of Grasso, 20 Misc 2d 202).
The estate’s contention that the objectant’s failure to express an expectation of reimbursement to the executrix during the course of the funeral arrangements for his deceased wife’s funeral expenses constituted a waiver of his right to reimbursement is untenable. The only testimony supporting a waiver is the executrix’ claim, which the objectant strenuously denied, that at the time of making the funeral arrangements objectant stated that he was paying for them. This statement, if in fact it was made, is ambiguous and could be interpreted as a mere advance of the money requested by the undertaker. Certainly, such a statement does not rise to the level of a “positive act indicative of an intent to make a gift of such moneys to the estate [therefore] no legal impediment existed to prevent his claiming reimbursement in case, for one reason or another, he changed his mind about filing a claim” (Matter of Stadtmuller, 110 App Div, at pp 77-78).
Reasonable funeral expenses have been held to embrace customary ceremonies accompanying the burial including reimbursement for expenditures for food (Matter of Di Nezzo, 49 Misc 2d 237; Matter of Sherpich, 27 Misc 2d 135). The court determines that the funeral expenses of $3,215.25 in this estate of $35,361 and the $175 luncheon expenditure on the date of burial, documented by a receipt from the restaurant, are neither unreasonable nor unusual expenses for which objectant may be reimbursed without *399 interest subject to any offset, discussed below, which the estate may have against the objectant.
Mr. Kircher acknowledged the receipt of a $255 lump-sum death benefit from the Social Security Administration paid pursuant to the Social Security Act which provides, in relevant part, that when an individual dies after August, 1950, fully or currently insured, a payment not exceeding $255 shall be paid in a lump sum to the widow or widower of the decedent (US Code, tit 42, § 402, subd [i]). The estate contends this death benefit is in partial payment of funeral expenses and should be deducted from any reimbursement due objectant. Congress did not intend this payment to be restricted to a person’s funeral expenses but to benefit widows or widowers who suffer a pecuniary loss because of their spouse’s death regardless of whether the surviving spouse paid any part of the funeral expenses (Stein v Flemming, 187 F Supp 1; Matter of Snyder, NYU, Dec. 13, 1963, p 18, col 2). Adequate funds are available in the estate to pay decedent’s funeral expenses and the court determines that objectant is entitled to retain the $255 death benefit without it being charged as a credit against any moneys due the objectant as reimbursement for funeral expenses.
Objections numbered one and four deny the executrix’ allegation that Mr. Kircher is or. was in possession of the decedent’s jewelry after her death and opposes a request that the court direct a turnover of the jewelry or that Mr. Kircher be charged with the value thereof as an offset against any reimbursement due him.
However difficult it may be to determine factual questions in a discovery proceeding, it is a fundamental rule that the fiduciary must bear the burden of establishing his or her claim. Objectant’s admission at the hearing before a law assistant referee that the decedent had possession of her jewelry in their apartment up to the date of her death is sufficient to establish a prima facie case that the decedent owned the jewelry prior to her death, which, after death, properly became an asset of her estate. Once the estate, as here, has sustained its burden of establishing decedent’s ownership of the jewelry, the objectant must establish some defense to the estate’s claim. In the case at *400 bar, rather than attempt to utilize the typical defenses in a discovery proceeding claiming title to the property or an inter vivos gift of the asset from the decedent, objectant contends the jewelry was stolen from their apartment in a burglary one month after decedent’s death. Based on the credible evidence submitted at the hearing, the objectant has failed to sustain his burden of persuasion that the jewelry was stolen. Mr. Kircher’s unauthorized exercise of dominion and control over his deceased wife’s jewelry after her death subsequent to a lawful demand by the executrix to turn over this property was a substantial interference with the true owner’s rights to this legacy.
The only evidence of the jewelry’s value is the objectant’s recollection of the $1,050 purchase price which he entered on the second and third police reports. The value of the jewelry is fixed at that sum without interest and offset against the reimbursable funeral and luncheon expenses of $3,387.25 leaving a balance of $2,337.25 due objectant from the estate (Matter of Shulsinger, 187 Misc 818). Insufficient estate assets remain to satisfy administration expenses, reasonable funeral expenses and all testamentary dispositions. Therefore, the money due objectant must be paid by the executrix personally. Additionally, the general legacies to Frederick Winkler, grandson, and St. Alphonsus Roman Catholic Church shall be deemed abated (EPTL 13-1.3).
There being no objection, National Belles Hess, Inc., stock reported as worthless by a brokerage house shall be abandoned.
Objection number three of the accounting which denies owing a share of administration expenses is sustained.